United States District Court
Southern District of Texas

**ENTERED**
April 23, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT          SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Gerald Mora, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Civil Action H-20-3205 |
| | § | |
| Bobby Lumpkin, | § | |
| Director, Texas Department | § | |
| of Criminal Justice, Correctional | § | |
| Institutions Division, | § | |
|     Respondent. | § | |

## Report and Recommendation

Gerald Mora, a prisoner in custody of the Texas Department of Criminal Justice, filed an amended petition for writ of habeas corpus under 28 U.S.C. § 2254. (D.E. 6.) He also filed a motion for attachment under Federal Rule of Civil Procedure 64. (D.E. 11.) The court recommends that the petition be dismissed with prejudice. The motion for attachment is denied as moot.

"[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under Rule 4 of the Rules Governing Section 2254 Cases, the court must dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Courts may summarily dismiss habeas petitions that appear to be legally insufficient on the face of the pleading. *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

In his amended petition, Mora challenges his 2011 state judgment of conviction and sentence and asks the court to reverse his conviction or to release him from custody. Mora cites to the

Constitution, but it is clear that he has not alleged any violation of his constitutional rights that would entitle him to habeas relief.

Mora asserts, for example, that the State forced him "into a state created office (legal fiction) in order to claim authority over him." (D.E. 9 at 18.) He believes that anytime that his name is presented in all capital letters, it refers to a fictional entity called GERALD MORA, not himself, Gerald Mora. (D.E. 11 at 3.) Mora characterizes the criminal case against him as an unlawful contract between the State and the fictional entity GERALD MORA and he believes his case should be governed by the Uniform Commercial Code, the Texas Business and Commerce Code, and maritime law. (D.E. 6 at 6; D.E. 9 at 6–8.) Mora asserts that he is in prison as a surety of the fictional entity GERALD MORA. (D.E. 9 at 15.)

Mora alleges he is innocent, explaining that the State's charge was not against him, Gerald Mora, but was against the fictional entity of GERALD MORA. (D.E. 9 at 10.) Mora also claims that the state court's judgment is void because "(1) There is no suretyship or maritime contract between Petitioner, Gerald Mora, secured party, a natural person and the THE STATE OF TEXAS, a corporation; (2) According to Maritime Rules and Laws, there must be a open contract with full disclosure of truth." (D.E. 9 at 10.)

Mora's claims fail to allege violations of federal law. Similar claims have been rejected by other courts. *See Berman v. Stephens*, No. 4:14-CV-860-A, 2015 WL 3622694, at *2 (N.D. Tex. June 10, 2015) (collecting cases); *Santos v. Texas*, No. 6:18CV296, 2018 WL 7890096, at *2 (E.D. Tex. Sept. 12, 2018) ("Such claims, which are generally founded on misunderstandings of the Uniform Commercial Code, maritime and admiralty law, and trust law, among other things, have been unanimously rejected by the courts."), *adopted sub nom. Manuel Santos v. Texas*, No. 6:18CV296, 2019 WL 1407428 (E.D. Tex. Mar. 27, 2019). The content of Mora's filings are legally insufficient to warrant habeas relief.

Because Mora has failed to allege any facts to show he is in custody in violation of the Constitution or laws of the United States,

the court recommends that habeas relief be denied and that Mora's petition be dismissed with prejudice. The motion for attachment is denied as moot.

The parties have fourteen days from service of this report and recommendation to file written objections. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on April 22, 2021.

Peter Bray
United States Magistrate Judge